UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ONE PLACE CONDOMINIUM LLC, <br> THE SOUTH LOOP SHOPS LLC <br> SOUTHBLOCK DEVELOPMENT LLC, <br> C & K PARTNERSHIP, and <br> SOUTHBLOCK MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> vs. <br><br><br> TRAVELERS PROPERTY CASUALTY <br> COMPANY OF AMERICA, <br><br> Defendant. | Case No. |

## COMPLAINT

Plaintiffs, One Place Condominium LLC, The South Loop Shops LLC, Southblock Development LLC, C & K Partnership, and Southblock Management, Inc. (collectively referred to as "One Place") by its attorney, Katherine Smith Dedrick of Childress Duffy, Ltd., and for their Complaint against Defendant, Travelers Property Casualty Company of America ("Travelers"), state as follows:

## PARTIES

1. Plaintiffs One Place Condominium LLC, The South Loop Shops LLC, and Southblock Development LLC are each comprised of members who are citizens of Illinois; Plaintiff C & K Partnership is comprised of partners who are citizens of Illinois; and Plaintiff Southblock Management, Inc. is incorporated and has its principle place of business in Illinois.

2. Plaintiffs are owners, developers, and managers of the property located at 1 E. 8th Street, Chicago, Illinois ("the insured premises").

3. Defendant Travelers is a citizen of Connecticut as it is incorporated, and has its principle place of business in, Connecticut and is engaged in the business of underwriting and issuing builder's risk insurance policies for certain owners and developers of property.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this matter pursuant to Title 28 U.S.C. § 1332(c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this court pursuant to Title 28, U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district. In addition, the property that is the subject of this action is situated in this judicial district.

## COUNT I – BREACH OF CONTRACT

6. Plaintiff realleges paragraphs 1 through 5 of the Complaint as and for paragraph 6 of Count I.

7. Travelers issued to One Place an "all-risk" builder's risk insurance policy (Policy no.: QT6600203L858TIL06) for the period November 2, 2006 to November 2, 2007 ("the Policy). Attached as Exhibit "A" is a true and accurate copy of the Policy.

8. The Policy issued to One Place covers loss or damage to the Covered Property during the construction project from any risks of direct physical accidental loss or damage unless excluded.

9. The Policy denotes $33 million as its "basic limit of insurance."

10. The Policy issued to One Place also covers "soft costs" and provides, in part:

> "We will pay your 'soft costs' during the 'period of delay in completion'.
> Such 'soft costs' must result from 'loss' to Covered Property from any of

the Covered Causes of Loss which delays the completion of the 'project' beyond the 'planned completion date'."

11. The Policy denotes the limit of "soft costs" as $3.3 million.

12. The Policy also contains a section called "additional coverages," which provides for a number of additional types of insurance coverage to One Place for the project, including coverage for "expediting costs and additional costs of construction materials and labor," as well as "expense to reduce amount of loss."

13. While the Policy was in full force and effect, the insured premises sustained physical loss or damage of the type insured against.

14. One Place further experienced "soft costs," "expediting costs and additional costs of construction materials and labor", and "expense to reduce the amount of loss," among other additional damage.

15. One Place timely reported the covered loss and damage to Travelers.

16. One Place substantially performed all conditions precedent required by the Policy to be performed by it and complied with the tolling agreement.

17. As a result, it is Travelers' duty to pay for One Places losses and damages; but, although requested to do so, Travelers has failed and refused and still fails and refuses to pay One Place for all of its losses and damages taking the position, in part, that it owes no more than $2.5 million under the Policy.

18. As a direct, proximate and foreseeable consequence of Travelers' breach of contract, One Place has sustained loss and damage in excess of $75,000.00 including, but not limited to, increased interest expense, interest rate increase and loan termination fees.

19. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, One Place is entitled to prejudgment interest.

WHEREFORE, Plaintiffs, One Place Condominium LLC, The South Loop Shops LLC, Southblock Development LLC, C & K Partnership, and Southblock Management, Inc., respectfully pray for judgment in their favor and against Defendant, Travelers Property Casualty Company of America, in an amount in excess of $75,000.00, including damages for breach and consequential damages plus prejudgment and post-judgment interest and costs, and for other and further relief this Court deems just and proper.

## **COUNT II – SECTION 155 RELIEF**

20. Plaintiff realleges paragraphs 1 through 19 of Count I of the Complaint as and for paragraph 20 of Count II of the Complaint.

21. As of the time of loss in question, Travelers internal claim policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within section 919 of Illinois Administrative code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

22. One Place is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code (215 ILCS 5/155) by virtue of Defendant engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay One Place amounts due under the insurance policy within 40 days of the loss, which constitutes an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of the Illinois Administrative Code;

(b) failing to advise One Place in writing within 75 days from the date the loss was reported of the reason for the delay in not resolving their claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of the Illinois Administrative Code;

(c) failing to provide One Place with a reasonable written explanation for the delay in resolving their claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919 of the Illinois Administrative Code;

(d)     not attempting in good faith to effectuate a prompt, fair, and equitable settlement of One Place's claim, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.50 of the Illinois Administrative Code;

(e)     failing to acknowledge with reasonable promptness pertinent communications with respect to One Place's claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of the Illinois Administrative Code;

(f)     forcing One Place to retain legal counsel to investigate their claim and to file this lawsuit to recover all of the benefits that should have been immediately forthcoming under the insurance policy;

(g)     refusing to pay for all of One Place's claim without conducting a full, fair and prompt investigation based on all available information, in violation of its internal claims polices, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code;

(h)     delaying payment and/or failing to pay for all of One Place's losses and damages based on an unreasonable and erroneous interpretation of its own policy provisions;

(i)     refusing to pay One Place's claim despite knowing the extent of damage; and

(j)     refusing to pay One Place's claim despite knowing that Travlers' own experts agreed to a period of delay of at least 105 days or 3 and ½ months.

WHEREFORE, Plaintiffs, One Place Condominium LLC, The South Loop Shops LLC, Southblock Development LLC, C & K Partnership, and Southblock Management, Inc., respectfully pray for an award of taxable costs under section 155 of the Illinois Insurance Code, including reasonable attorneys' fees, in their favor and against Defendant, Travelers Property Casualty Company of America, and for other and further relief this Court deems just and proper.

### **DEMAND FOR A JURY TRIAL**

The Plaintiff demands trial by jury on all issues so triable.

Dated: April 14, 2011

Respectfully Submitted,

One Place Condominium LLC, The South Loop Shops LLC, Southblock Development LLC, C & K Partnership, and Southblock Management, Inc.

 **/s/Katherine Smith Dedrick**
Katherine Smith Dedrick, Esq.
Illinois Bar No. 6185314
Childress Duffy, Ltd.
500 North Dearborn Street, Suite 1200
Chicago, Illinois 60654
(312) 494-0200
(312) 494-0202 fax
kdedrick@childresslawyers.com