UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


Judge Sheila M. Finnegan
Case No. 1:11-cv-02520

ONE PLACE CONDOMINIUM LLC
THE SOUTH LOOP SHOPS LLC, SOUTHBLOCK DEVELOPMENT
LLC, C & K PARTNERSHIP, and SOUTHBLOCK MANAGEMENT, INC.,

Plaintiffs,

v.

TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA,

Defendant.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ON THE EARTH MOVEMENT LIMIT**

                                                ONE PLACE CONDOMINIUM LLC, THE SOUTH
                                                LOOP SHOPS LLC, SOUTHBLOCK
                                                DEVELOPMENT LLC, C & K PARTNERSHIP,
                                                AND SOUTHBLOCK MANAGEMENT, INC.

By:    /s/Edward Eshoo, Jr.
          Edward Eshoo, Jr. Esq.
          Illinois Bar No. 6190179
          eeshoo@childresslawyers.com
          Katherine Smith Dedrick, Esq.
          Illinois Bar No. 6185314
          kdedrick@childresslawyers.com
          CHILDRESS DUFFY, LTD.
          500 North Dearborn Street, Suite 1200
          Chicago, Illinois 60654
          (312) 494-0200
          (312) 494-0202 facsimile

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS ..................................................... 1

III. SUMMARY JUDGMENT STANDARD ............................................................................... 1

IV. ARGUMENT .......................................................................................................................... 2

A. Travelers Is Not Entitled to Summary Judgment As A Matter Of Law And Undisputed Fact As To Whether The $2.5 Million "Earth Movement Limit of Insurance" Applies To Plaintiffs' Claims. .......................................................................................................... 2

    1. This Court Has Previously Ruled The "Earth Movement Limit Of Insurance" Does Not Apply To Plaintiffs' Recovery For "Soft Costs". ............................................................... 2

    2. The "Earth Movement" Definition Applies Only To Natural And Not Man-Made Earth Movement. ........................................................................................................................ 3

    3. A Genuine Issue Of Material Fact Exists As To Whether Any Earth Movement In This Case Was Due To Natural Causes, As Opposed To Man-Made Causes. ........................... 3

    4. The "Earth Movement Annual Aggregate Limit of Insurance" Provision Is Ambiguous, And Does Not Limit The Amount Of Insurance Available For Earth Movement. ............ 4

V. CONCLUSION ....................................................................................................................... 5

**TABLE OF AUTHORITIES**

**CASES**
*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ....................................................................... 2

*Bellaver v. Quanex Corp.,* 200 F.3d 485 (7th Cir. 2000) ................................................................ 2

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ................................................................................ 1

*Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307 (7th Cir. 1989) ......................................... 2

*Insolia v. Phillip Morris, Inc.,* 216 F.3d 596 (7th Cir. 2000) ........................................................... 2

*Nautilus Ins. Co. v. Vuk Builders, Inc.*, 406 F.Supp.2d 899 (N.D.Ill. 2005) .................................. 3

*Totty v. Chubb Corp.,* 455 F. Supp. 2d 376 (W.D. Pa. 2006) ......................................................... 3

**RULES**
Fed. R. Civ. P. 56(c) ....................................................................................................................... 1

**I.       INTRODUCTION**

Travelers is not entitled to summary judgment as a matter of law on the issue whether the $2.5 million earth movement limit of insurance applies to Plaintiffs' claims. First, this Court has previously ruled the earth movement limit of insurance does not apply to Plaintiffs' recovery for "soft costs". (D.E. 41). Thus, this Court cannot grant Travelers the relief it seeks. Second, as set forth in their pending motion for partial summary judgment, the "earth movement" definition applies only to natural and not to man-made earth movement. (D.E. 120). Third, a genuine issue of material fact exists whether any earth movement was due to natural causes, as opposed to man-made causes. Finally, as set forth in Plaintiffs' pending motion for partial summary judgment, the "Earth Movement Annual Aggregate Limit of Insurance" provision is ambiguous, and does not limit the amount of insurance available for earth movement.

**II.       STATEMENT OF UNDISPUTED MATERIAL FACTS**

One Place has separately filed its response to Travelers' Local General Rule 56.1(a)(3) statement of material facts submitted in support of its motion for summary judgment ("RSMF").

**III.       SUMMARY JUDGMENT STANDARD**

Summary judgment obviates the need for trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of showing the court, by reference to the record, there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on the pleadings alone and, instead, must point to specific evidentiary support in depositions, answers to interrogatories, admissions, and affidavits in the record to demonstrate the existence of a genuine issue for trial. *Celotex Corp.,* 477 U.S. at 324. A fact is material for summary judgment only if it is outcome

1

determinative. *Insolia v. Phillip Morris, Inc.,* 216 F.3d 596, 598-599 (7th Cir. 2000). Although the bare contention that a genuine issue of material fact exists is insufficient to avoid summary judgment, *Bellaver v. Quanex Corp.,* 200 F.3d 485, 492 (7th Cir. 2000), courts must view all facts in the light most favorable to the non-moving party and resolve all inferences from those facts in its favor. *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable trier of fact could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

### IV.   ARGUMENT

**A. Travelers Is Not Entitled to Summary Judgment As A Matter Of Law And Undisputed Fact As To Whether The $2.5 Million "Earth Movement Limit of Insurance" Applies To Plaintiffs' Claims.**

   **1. This Court Has Previously Ruled The "Earth Movement Limit Of Insurance" Does Not Apply To Plaintiffs' Recovery For "Soft Costs".**

Travelers seeks summary judgment on the issue that the $2.5 million "Earth Movement Limit of Insurance" ("earth movement limit") applies to Plaintiffs' claims, but does not state how it should apply . This Court, however, has previously granted partial summary judgment in favor of Plaintiffs, finding the earth movement limit does not apply to their recovery for "soft costs". (D.E. 41). Moreover, Travelers admitted in its response to the motion that the earth movement limit does not apply to the additional coverages for "expenses to reduce amount of loss" and "expediting costs and additional costs of construction materials and labor." (D.E. 31). As a matter of law, this Court cannot grant summary judgment in favor of Travelers on the issue that the $2.5 million earth movement limit applies to Plaintiffs' claims.

2

2. **The "Earth Movement" Definition Applies Only To Natural And Not Man-Made Earth Movement.**

Plaintiffs incorporate this argument made in their previously-filed motion for partial summary judgment. (D.E. 41). As a matter of law, this Court cannot grant summary judgment in favor of Travelers on the issue that the $2.5 million limit of insurance applies to Plaintiffs' claims.

3. **A Genuine Issue Of Material Fact Exists As To Whether Any Earth Movement In This Case Was Due To Natural Causes, As Opposed To Man-Made Causes.**

While they do not dispute that earth moved at some point, Plaintiffs dispute the cause of this movement. It is Plaintiffs' position the cause of any earth movement was the drilling of the caisson holes (RSMF ¶39, 52), which there can be no dispute is a man-made event. *See, e.g., Nautilus Ins. Co. v. Vuk Builders, Inc.*, 406 F.Supp.2d 899, 904-905 (N.D.Ill. 2005) (earth movement caused by excavating without adequately bracing or reinforcing the property); *Totty v. Chubb Corp.,* 455 F. Supp. 2d 376, 383-385 (W.D. Pa. 2006) (earth movement caused by vibrations from road construction equipment). A genuine issue of material fact therefore exists as to the cause of earth movement in this case.

Travelers nevertheless points to its settlement with Plaintiffs concerning the damage to caisson shafts, in which they acknowledged the damage was due to earth movement and $95,000 of the loss settlement was allocated to the "Earth Movement Annual Aggregate Limit of Insurance." But, what Travelers disingenuously fails to state is that the caisson shaft loss was in 2006, and not part of the 2007 ERS and D-Line losses. Moreover, nowhere in the settlement agreement did Plaintiffs acknowledge the cause of earth movement in 2006 was a natural, as opposed to a man-made event. Furthermore, unlike the "Earth Movement Limit of Insurance", the "Earth Movement Annual Aggregate Limit of Insurance" does not contain "anti-concurrent

3

cause" language. Thus, Plaintiffs' acknowledgement in the settlement agreement that the 2006 damage to the caisson shafts was due to earth movement and their allocating a portion of the loss settlement to the "Earth Movement Annual Aggregate Limit of Insurance" is not inconsistent with their position, and is not evidence warranting the entry of summary judgment in favor of Travelers.

Nor is Plaintiffs' position since 2007 that earth movement was a fact of the cause of the damage to the ERS and D-Line inconsistent with their position that the "earth movement" definition applies only to naturally occurring earth movement. Mr. Lukas was retained by One Place in 2007. (D. E. 116-16 at p. 48). As Travelers' repeatedly notes, Mr. Lukas' opinion, which Mr. Becker and Mr. Levin relied upon when communicating with Travelers, always has been the cause of earth movement was the drilling of the caisson holes, which again there can be no dispute is a man-made event. What is more, the Policy is an "all-risk" policy, which means it covers risks of loss or damage to covered property unless limited or excluded. (Sarff Dep. Tr. at pp. 152, 155-56 (D.E. 127-9 at pp. 40-41).). The Policy does not exclude loss or damage caused by earth movement. It is this lack of an earth movement exclusion that served as the primary basis for One Place's position during the claim process that earth movement no matter how caused was a covered event. (D.E. 116-12).

4. **The "Earth Movement Annual Aggregate Limit of Insurance" Provision Is Ambiguous, And Does Not Limit The Amount Of Insurance Available For Earth Movement.**

Plaintiffs incorporate this argument made in their previously-filed motion for partial summary judgment. (D.E. 41). As a matter of law, this Court cannot grant summary judgment in favor of Travelers on the issue that that the $2.5 million limit of insurance applies to Plaintiffs" claims.

4

## V. CONCLUSION

For all of these reasons, Plaintiffs respectfully pray that this Court deny Travelers' motion for partial summary judgment on the issue whether the $2.5 million earth movement limit applies to Plaintiffs' claims.

Dated: October 21, 2013.

                              ONE PLACE CONDOMINIUM LLC, THE SOUTH LOOP SHOPS LLC, SOUTHBLOCK DEVELOPMENT LLC, C & K PARTNERSHIP, AND SOUTHBLOCK MANAGEMENT, INC.

By:   /s/Edward Eshoo, Jr.
        Edward Eshoo, Jr. Esq.
        Illinois Bar No. 6190179
        eeshoo@childresslawyers.com
        Katherine Smith Dedrick, Esq.
        Illinois Bar No. 6185314
        kdedrick@childresslawyers.com
        CHILDRESS DUFFY, LTD.
        500 North Dearborn Street, Suite 1200
        Chicago, Illinois 60654
        (312) 494-0200
        (312) 494-0202 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF and a copy was furnished via CM/ECF on this 21st day of October, 2013, to:

K. Clark Schirle, Esq.
cschirle@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG, LLP
115 South LaSalle Street, Suite 3200
Chicago, Illinois 60603
(312) 456-0900
(312) 456-0909 facsimile

                         By:    /s/Edward Eshoo, Jr.
                                 Edward Eshoo, Jr. Esq.
                                 Illinois Bar No. 6190179
                                 eeshoo@childresslawyers.com
                                 Katherine Smith Dedrick, Esq.
                                 Illinois Bar No. 6185314
                                 kdedrick@childresslawyers.com
                                 CHILDRESS DUFFY, LTD.
                                 500 North Dearborn Street, Suite 1200
                                 Chicago, Illinois 60654
                                 (312) 494-0200
                                 (312) 494-0202 facsimile